30293. HORN et al. v. CITY OF ATLANTA et al.

GUNTER, Justice.

The appellants filed an action below to enjoin the city and the city attorney from representing and expending public funds in the representation and defense of a civil action against a city police officer.

The appellees filed responsive pleadings, moved for summary judgment in their favor, and the trial judge granted summary judgment in favor of the city and city attorney. The appellants have come here for review of that judgment.

The appellants contend that Code Ann. § 89-945 is unconstitutional on its face or that it is unconstitutional as interpreted and applied by policy of the City of Atlanta. This statute provides that a municipality may, in its discretion and as a part of the compensation paid its employees, adopt a policy whereby the municipality will "undertake to defend all or specified . . . actions brought or maintained against . . . employees . . . arising out the performance of their duties or in any way connected therewith . . ."

The motion for summary judgment filed by appellees relied upon an affidavit which stated the policy of the City of Atlanta: "That the policy of the City of Atlanta, as laid down by the governing authority, is that the Office of the City Attorney will defend any civil action brought against an employee of the City arising from the employee's alleged misconduct, giving rise to the civil cause of action, if said employee desires such representation." There is no counter-showing by the appellants that this is not the policy of the City of Atlanta.

We therefore hold that this statute, on its face or as applied in this case, is not unconstitutional as being violative of the Due Process Clause of either the Federal Constitution or the Georgia Constitution.

We point out that this statute does not "require" the city to defend any civil action against its employees, but merely permits it to do so, pursuant to an adopted policy, as a part of the compensation paid by the employer to the employee.

The constitutional attacks urged in this case are without merit, and the judgment below was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED FEBRUARY 11, 1976.

*Al Horn,* for appellants.
*Henry L. Bowden, James H. Weeks,* for appellees.