### 32105. HAYWOOD et al. v. HUGHES et al.

JORDAN, Justice.

This appeal is from a judgment dismissing a complaint for failure to state a claim upon which relief could be granted.

The appellants, Willie Haywood, Hammond Usry, and Jake Landrum, residents and taxpayers of Glascock County, brought a complaint seeking injunction, declaratory judgment, and other relief, against the Commissioners and County Treasurer of Glascock County. They alleged: Two actions for damages by Mary Walden and Chester Chalker for the alleged violation of their civil rights were filed in the United States District Court for the Southern District of Georgia against James L. English, Sheriff of Glascock County. At a specially called meeting of the Commissioners, according to the official minutes of the session, the following occurred:

"After some discussion with reference to the county paying a retainer fee to Mr. E. Purnell Davis for the defense of James L. English. A motion was made by Mr. Murray Hadden that the county pay $2000 in each of the following cases in United States District Court, Augusta, Georgia. Re: Chester Chalker vs. James L. English et al. and Mary Walden vs. James L. English et al. One-half (1/2) to be paid now, and the balance when the suits are settled. A stipulation was made that in case of any counter suit occurred pertaining to the above suits, that the county would not bear any expenses whatsoever. Motion seconded by Mr. J. W. Griswell. Motion carried."

The complaint further alleged that upon adoption of this motion, $2,000 was paid to the attorney representing the sheriff; that the taxing power delegated to counties by

the Constitution does not grant Glascock County power to raise revenues to pay attorney fees of the sheriff; and that the commissioners were acting without statutory authorization in ordering the disbursement of public funds to pay attorney fees for the sheriff.

The trial judge, in dismissing the case, held that Code Ann. § 89-945 (Ga. L. 1974, pp. 702, 704) authorized the payment of attorney fees in the cases referred to in the complaint, and that the 1974 Act is not unconstitutional upon its face.

In *Horn v. City of Atlanta,* 236 Ga. 247 (223 SE2d 647) (1976), this court held that Code Ann. § 89-945, on its face or as applied in that case, was not unconstitutional as being violative of the due process clause of either the Federal or State Constitution. There is no constitutional attack on the statute in the present case.

The appellants concede that Code Ann. § 89-945 authorizes a county to expend funds to pay attorney fees for the defense of actions against a sheriff for the violation of civil rights where the county has adopted a general policy to pay attorney fees in such actions. It is argued that the action of the Glascock Commissioners at a special meeting resolving to pay an attorney to represent the sheriff in two specified cases is not the adoption of a policy as contemplated by the statute.

Code Ann. § 89-945 authorizes counties "in their discretion" to "adopt policies" whereby they will undertake to defend "all or specified" actions against the officers named. The phrase "in their discretion" indicates a legislative intent to give the county considerable latitude in determining what actions will be defended. The resolution of the Glascock Commissioners is the adoption of a policy to pay attorney fees in the defense of two "specified" cases against the sheriff. This is within the authority given under the statute.

The trial judge did not err in holding that Code Ann. § 89-945 authorized the action taken by the Glascock County Commissioners, and in dismissing the complaint for failure to state a claim upon which relief could be granted.

*Judgment affirmed. Undercofler, P. J., Ingram and Hall, JJ., concur. Nichols, C. J., and Hill, J., dissent.*

ARGUED MARCH 21, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED APRIL 21, 1977.

*Thomas M. Jackson,* for appellants.
*J. Cecil Davis, E. Purnell Davis, Randall Evans, Jr.,* for appellees.

HILL, Justice, dissenting.

In my view, Ga. L. 1974, p. 702, was intended to provide more comprehensive indemnification for the employees of Glascock County than the county commissioners have provided here. Providing attorney fees for the sheriff in two named cases does not constitute the adoption of a policy whereby the county will undertake to defend all or specified civil, criminal or quasi-criminal actions brought against county employees or officers, as provided by that Act (Code Ann. § 89-945). I therefore dissent.

I am authorized to state that Chief Justice Nichols joins me in this dissent.