42624, 42625. BROWN v. ASSOCIATES FINANCIAL SERVICES CORPORATION (two cases).
(339 SE2d 590)

CLARKE, Justice.

This court granted certiorari to consider the construction to be given to OCGA § 5-6-35 (a) (6), which requires an application to appeal in "all actions for damages in which the judgment is $2500 or less." The Court of Appeals found that the intent of the statutory scheme in OCGA § 5-6-35 is to alleviate the massive caseloads in the appellate courts by providing for discretionary review rather than right of direct appeal in certain types of cases. *Brown v. Assoc. Financial Services Corp.,* 175 Ga. App. 553 (333 SE2d 888) (1985). We agree. However, we disagree with their holding that the applicability of OCGA § 5-6-35 (a) (6) is determined in all cases by the amount placed in controversy by a party seeking damages.

By its own terms OCGA § 5-6-35 (a) (6) applies when there is an action for damages and the result is a judgment of $2,500 or less. See *City of Brunswick v. Todd,* 255 Ga. 448 (339 SE2d 589) (1986). We interpret this to mean that an application is required when a party seeking a money judgment prevails, that is a judgment for some sum is obtained but the award is $2,500 or some lesser sum. The use of the amount of the judgment would apply whether the issues are decided by the court or by a jury.

In our view the legislature intended to remove the right of direct appeal when a claimant prevails but a fact finder has determined that the damage suffered is not substantial. It must be kept in mind that the legislature has not said there is no appeal but merely required that the party seeking to appeal must by application show error and why the appeal should be granted and heard. A direct appeal is available in those cases where the injury is great but the party seeking compensation loses on liability, and the party seeking substantial damages gets no judgment.

This case originated when Associates Financial Services Corp. filed a petition for writ of possession of Brown's auto, a personal property foreclosure under OCGA § 44-74-230, alleging an accelerated balance due of $1,790.25. Brown denied default and alleged a violation of the Industrial Loan Act and prayed for a set off or in the alternative a recovery of the statutory penalty, twice the finance and loan fees charged by Associates. The statutory penalties amounted to $2,308.28. The trial court entered a final order granting Associates a writ of possession and dismissing Brown's counterclaim.

Brown argues that OCGA § 5-6-35 (a) (6) does not apply to the judgment in favor of Associates because the action and judgment are for a grant of possession and not an action or a judgment for damages. We agree. Associates argues that even if not a judgment for damages under OCGA § 5-6-35 (a) (6), an application to appeal should be required by applying OCGA § 5-6-35 (a) (4). Paragraph (4) requires an application to appeal in cases involving garnishment or attachment. We cannot adopt this rationale because the writ of possession is a special statutory proceeding which the legislature could have added to the list of discretionary appeals but did not. Since a judgment granting a writ of possession does not come under OCGA § 5-6-35, Brown had a right to direct appeal from the foreclosure judgment.

In the present action Brown had a right to direct appeal from the judgment on writ of possession. Applying *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980), and OCGA § 5-6-34 (c) he could then appeal all other orders and judgments including the dismissal of his counterclaim. Brown properly perfected the appeal of these orders in Case No. 70058 in the Court of Appeals which was therefore improperly dismissed in *Brown v. Assoc. Financial Services Corp.*, 175 Ga. App. 553, supra. Our certiorari to that opinion is Supreme Court Case No. 42624 and the judgment is reversed, thereby reinstating the appeal and we remand the case to the Court of Appeals for consideration of the enumerations of error.

Case No. 42625 is our grant of certiorari to the Court of Appeals from an order dismissing the grant of discretionary review in this same case. (See "On Motion for Rehearing," *Brown v. Assoc. Financial Services*, 175 Ga. App., supra at 562. We have held that Brown had a right of direct appeal; therefore any issue involved in his application is superfluous and certiorari in Case No. 42625 is dismissed.

*Judgment in Case No. 42624 is reversed and remanded to the Court of Appeals for consideration of the enumerations of error; Case No. 42625 is dismissed. All the Justices concur.*

DECIDED FEBRUARY 19, 1986.

*W. E. Lockette, Johnnie M. Graham, John L. Cromartie, Jr., Phyllis J. Holmen, Paul E. Kauffmann,* for appellant.

*T. Lee Bishop, Jr.,* for appellee.

*Kenneth G. Levin,* amicus curiae.