72165, 72166. VIKOWSKY v. SAVANNAH APPLIANCE SERVICE
CORPORATION (two cases).
(345 SE2d 621)

McMURRAY, Presiding Judge.

On March 12, 1985, plaintiff brought suit against defendant alleging she was indebted to plaintiff in the amount of $277.02 pursuant to a retail installment contract. In the complaint plaintiff also sought interest and attorney fees.

The contract was executed on October 13, 1982. Pursuant to the contract, defendant purchased a television from plaintiff for $390. Defendant gave plaintiff a $35 down payment. The balance was to be paid in 24 monthly installments of $21.26. The contract shows that defendant was charged interest in the amount of $105.24. Additionally, an "administrative fee" of $50 was charged and thus, the "finance charge" was shown to be $155.24.

Defendant answered the complaint on April 15, 1985, denying the indebtedness. Additionally, defendant counterclaimed alleging plaintiff violated the provisions of the Truth in Lending Act. Each party moved for summary judgment. Thereafter, defendant amended her answer by adding an additional defense based on plaintiff's alleged violation of The Retail Installment and Home Solicitation Sales Act. OCGA § 10-1-1 et seq. The trial court granted plaintiff's summary judgment motion. Accordingly, judgment was entered in favor of plaintiff and against defendant upon the main claim and the counterclaim. Defendant directly appealed from the trial court's judgment (Case No. 72165). Additionally, defendant simultaneously applied for discretionary review. We granted defendant's application for a discretionary appeal and defendant took the steps necessary to complete the discretionary appeal process (Case No. 72166). *Held*:

1. Judgment was entered in favor of plaintiff and against defendant in an amount less than $2,500. Accordingly, the discretionary appeal (Case No. 72166) was properly brought before the court via application. OCGA § 5-6-35 (a) (6); *Brown v. Assoc. Fin. Svcs. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986). On the other hand, a direct appeal could not be taken from the trial court's judgment. OCGA § 5-6-

35 (b). Thus, the direct appeal (Case No. 72165) must be dismissed.

2. Plaintiff violated the Truth in Lending Act because it did not properly disclose the annual percentage rate ("APR"). (The disclosure statement shows an APR of 23.25%. The actual APR is over 34%. This far exceeds the error limit (tolerance) set by the Act. 15 USCA § 1606 (c).) Notwithstanding this violation, plaintiff contends it was entitled to summary judgment because defendant's counterclaim was asserted more than one year after the violation of the Act. Plaintiff's contention is based upon the case of *Hodges v. Community Loan &c. Corp.*, 133 Ga. App. 336, 341 (2) (210 SE2d 826) (1974), rev'd on other grounds, 234 Ga. 427 (216 SE2d 274).

In *Hodges*, we held that a borrower could not maintain a counterclaim against a lender for violations of the Truth in Lending Act when the counterclaim was asserted more than one year after the Act was violated. Our decision was based upon the statutory bar set forth in the Federal Truth in Lending Act. It provided: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 USCA § 1640 (e).

In 1980, Congress amended the Truth in Lending limitation statute by adding a second sentence. The amendment became effective on October 1, 1982. In its entirety, the limitation statute now reads: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, *except as otherwise provided by State law*." (Emphasis supplied.) 15 USCA § 1640 (e); Pub. L. 96-221, § 615 (a) (4). The second sentence was added to permit "actions in recoupment or offset beyond the one-year statute of limitations, except where otherwise provided by state law or rules of civil procedure." Senate Report No. 96-368, p. 32.

Does Georgia law or procedure prohibit defendant from asserting her Truth in Lending counterclaim more than one year after the date of the violation? We think it does. With regard to counterclaims, Georgia law provides that limitations of time are extended to permit the assertion of a counterclaim until the last day upon which an answer is to be filed. OCGA § 9-3-97. The extension of time is not allowed, however, unless plaintiff brought the main action before the limitation period expired. OCGA § 9-3-97. In the case sub judice, plaintiff did not bring suit until long after the expiration of the Truth in Lending limitation period. It follows that defendant's counterclaim was time barred. See *Champion v. Wells*, 139 Ga. App. 759 (229 SE2d

479).

Defendant contends that OCGA § 9-3-97 is not applicable. She points out that 15 USCA § 1640 (e) pertains to defenses and that OCGA § 9-3-97 applies to counterclaims. In this regard she argues that her counterclaim should be viewed as a defense and that, therefore, she should not be barred from asserting it.

We have no problem viewing defendant's "counterclaim" as a "defense." Pleadings are to be judged by their contents, not by their name. *Bank of Cumming v. Moseley*, 243 Ga. 858, 859 (257 SE2d 278); OCGA § 9-11-8 (f). See also OCGA § 9-11-8 (c). Nevertheless, defendant's contention must fail. Why? Because defendant's Truth in Lending defense is a set-off, not a recoupment. *Hodges v. Community Loan &c. Corp.*, 133 Ga. App. 336, 343, 344, supra. OCGA § 13-7-3. And, unlike a recoupment defense, a set-off is subject to the applicable statute of limitation. OCGA § 9-3-6. Thus, the trial court did not err in concluding that defendant's Truth in Lending claim was time barred.

3. In part, The Retail Installment and Home Solicitation Sales Act (OCGA § 10-1-1 et seq.) provides: "Notwithstanding any other law, the seller under a retail installment contract may charge, receive, and collect a time price differential, which shall not exceed 13¢ per $1.00 per year on the unpaid balance." OCGA § 10-1-3 (d) (1). Defendant contends plaintiff violated this provision of The Retail Installment and Home Solicitation Sales Act.

Plaintiff financed the sum of $355 for defendant over a period of two years. A finance charge of $155.24 was imposed. These figures yield a time price differential of 21¢ per $1.00 per year. Of course, this far exceeds the allowable rate. OCGA § 10-1-3 (d) (1).

Relying upon OCGA § 10-1-2 (a) (15), plaintiff contends the $50 administrative fee which defendant was charged should not be included in the finance charge and that, therefore, it should not be part of the time price differential calculation. This contention is erroneous. The "administrative fee" was not an "official fee." OCGA § 10-1-2 (a) (6). It was a sum paid by defendant for the privilege of purchasing the television set in installments.

Since plaintiff violated The Retail Installment and Home Solicitation Sales Act, it is not entitled to a recovery of the finance charge under the contract. OCGA § 10-1-15 (b). It follows that the trial court erred in granting plaintiff's motion for summary judgment.

*Judgment reversed in Case No. 72166. Appeal dismissed in Case No. 72165. Carley and Pope, JJ., concur.*

138

Decided April 30, 1986 —
Rehearing denied May 20, 1986 — 

*Judith M. Heck, Paul Kauffmann, Phyllis Holmen, John L. Cromartie, Jr.*, for appellant.
*Birney Bull, John F. M. Ranitz, Jr.*, for appellee.