71846. MTW INVESTMENT COMPANY v. VANGUARD PROPERTIES FINANCIAL CORPORATION.
(346 SE2d 575)

Pope, Judge.

Appellant MTW filed a complaint in April of 1982 against appellee Vanguard, a general partner in a limited partnership in which MTW held an interest and had invested substantial sums. The complaint alleged that MTW had made demand upon Vanguard to inspect the partnership books, to provide full information as to the affairs of the partnership, for a formal accounting and for other information which Vanguard had failed and refused to provide. The complaint further alleged that Vanguard had failed to comply with its fiduciary duties, had acted in bad faith, been stubbornly litigious and caused MTW unnecessary trouble and expense, and that MTW was entitled to recover the expenses of litigation including reasonable at-

torney fees. The prayer for relief sought a rule nisi requiring Vanguard to show cause why it should not furnish the information previously demanded, that the court order Vanguard to make such information available, and to recover expenses of litigation including attorney fees and court costs.

A hearing was held wherein both parties and their counsel appeared and evidence was presented, after which the court entered an order finding that the complaint as filed was limited in scope and relief sought, thereby confining MTW's remedy to the production of the documents and materials identified and requested and any expenses of litigation it might be entitled to recover; that Vanguard had failed to file a timely answer to the complaint thus allowing the action to become in default; that Vanguard had also failed to file an answer within the period of time during which the default might be opened as a matter of right or to present sufficient facts and circumstances under OCGA § 9-11-55 (b) to cause the court to open the default; that Vanguard had complied with MTW's demands for production of the documents identified in the complaint by producing all materials within its custody and control; and that accordingly while there was no just cause for opening the default there did "exist a claim for damages, said claim being limited to the recovery of any expenses of litigation to which [MTW] may be entitled, and the amount of such claim being a jury issue. . . ."

No objection was made by either party to this order and a jury trial was held on the issue of damages, with MTW presenting evidence seeking to show that its three attorneys were entitled to fees totaling $19,474.61. On cross-examination Vanguard questioned numerous elements of time purportedly billed in the instant case for production of documents as actually having been involved with another suit filed by MTW against Vanguard in September of 1983, which was still pending. The jury rendered a verdict for MTW in the amount of $500, from which this direct appeal was brought after the denial of MTW's motions for j.n.o.v. or for new trial.

Under OCGA § 9-11-55 (a), the plaintiff is entitled to verdict and judgment by default "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, *unless the action* is one ex delicto or *involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury,* with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages; *provided, however, in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages."* (Ga. L. 1982, p.

0

3, § 9). (Emphasis supplied.)

MTW asserts that this law requires that cases in default be heard by the judge without a jury, and that the order appealed from, to the extent that it referred the issue of damages to the jury without any demand therefor, should be reversed. We agree that the revised statute does clearly provide that the amount of unliquidated damages, absent a pleading raising the issue and a demand for jury trial, must be established by the court without a jury. However, even assuming that MTW's right to raise this question for the first time on appeal has not been waived by the acquiesence of both parties throughout the proceedings to a jury trial and verdict on the issue of damages, we are nevertheless unable to reach the merits of any error enumerated, because we conclude that the appeal is one which must be brought pursuant to the discretionary review procedures of OCGA § 5-6-35.

OCGA § 13-6-11 provides: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Our review of the cases involving such awards for bad faith convinces us that they are within the category of "damages" as contemplated by OCGA § 5-6-35 (a) (6), requiring an application to appeal in all actions in which the judgment is $2,500 or less. See, e.g., *A. P. S. S. v. Clary & Assoc.*, 178 Ga. App. 131 (2) (342 SE2d 375) (1986); *Associated Software &c. v. Wysocki*, 177 Ga. App. 135 (1) (338 SE2d 679) (1985); *Matthews v. Neal, Greene & Clark*, 177 Ga. App. 26 (4) (338 SE2d 496) (1985); *Seminole Peanut Co. v. Goodson*, 176 Ga. App. 42 (4) (335 SE2d 157) (1985); *Lindsey v. Heard Oil Co.*, 170 Ga. App. 572 (3) (317 SE2d 597) (1984). The Supreme Court has clearly delineated that this statute "sets out the proper method of appeal from monetary judgments ranging from one cent to $2,500." *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986). Thus, because MTW has failed to apply to this court for discretionary review of the $500 award of damages in compliance with the statutory procedures, this direct appeal must be dismissed. *Brown v. Assoc. Fin. Svcs. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986).

*Appeal dismissed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 4, 1986 —
REHEARING DENIED JUNE 19, 1986 —

*Marvin P. Nodvin, Sidney Parker*, for appellant.
*Lawrence E. Burke*, for appellee.