A90A0435. LANDOR CONDOMINIUM CONSULTANTS, INC. et al. v. COLONY PLACE CONDOMINIUM ASSOCIATION, INC.
(395 SE2d 25)

SOGNIER, Judge.

Colony Place Condominium Association, Inc. (the association) brought suit against Landor Condominium Consultants, Inc., its former management company, and Doris B. Harrison and D. Landrum Harrison, the management company's officers, seeking to regain possession of its books and records and to recover attorney fees and costs of the litigation pursuant to OCGA § 13-6-11. The defendants filed an answer but failed to appear at two hearings scheduled in the case. The trial court then entered judgment ordering the defendants to surrender possession of the association's books and records and awarding $885.75 in attorney fees, accounting fees, and court costs to the association. The defendants filed a direct appeal, enumerating nine errors concerning the trial court's judgment.

"It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citations and punctuation omitted.) *Jarrett v. Ford Motor Credit Co.*,

178 Ga. App. 600 (344 SE2d 440) (1986). OCGA § 5-6-35 (a) (6) requires an application for a discretionary appeal in actions for damages in which the judgment is $2,500 or less. In *MTW Invest. Co. v. Vanguard Prop. Fin. Corp.*, 179 Ga. App. 403 (346 SE2d 575), aff'd 256 Ga. 318 (349 SE2d 749) (1986), the judgment entered below had compelled the appellant to produce certain books and records and to pay $500 in attorney fees. This court held that the attorney fee award made pursuant to OCGA § 13-6-11 was "within the category of 'damages' as contemplated by OCGA § 5-6-35 (a) (6), requiring an application to appeal in all actions in which the judgment is $2,500 or less. [Cits.]" Id. at 405. We find the case at bar to be controlled by the ruling in *MTW*, and accordingly dismiss this appeal for failure to comply with the statutory procedure for discretionary application. Id.

*Appeal dismissed. Carley, C. J., and McMurray, P. J., concur.*

ON MOTION FOR REHEARING.

On motion for rehearing, appellants challenge our reliance on *MTW Invest. Co. v. Vanguard Prop. Fin. Corp.*, 179 Ga. App. 403 (346 SE2d 575) (1986), contending that the ruling in that case is not controlling because there the order appealed from involved only an award of attorney fees, whereas here the order at issue included a directive that books and records be surrendered to appellee. We disagree, as our review of the record filed in *MTW Invest. Co.* discloses that the appellant appealed from both the judgment awarding attorney fees and also a previous order compelling production of certain documents and records. Further, contrary to appellants' argument, we find no inconsistency between the instant ruling based on *MTW Invest. Co.* and the holding in *Brown v. Assoc. Fin. &c. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986).

*The motion for rehearing is denied.*

DECIDED MAY 17, 1990 —
REHEARING DENIED JUNE 6, 1990 — 

Doris B. Harrison, *pro se.*
D. Landrum Harrison, *pro se.*
Susan M. Reimer, for appellee.