## A98A2341. MOTOR WAREHOUSE, INC. v. RICHARD.
### (510 SE2d 600)

ANDREWS, Chief Judge.

Janet MacIntosh Richard, as executrix of the Estate of Robert Donald MacIntosh, petitioned the Superior Court of DeKalb County for an order compelling Motor Warehouse, Inc. (Motor Warehouse) to allow the Estate to inspect and copy records of Motor Warehouse. Richard's petition also requested an award of the costs, including reasonable attorney fees, incurred in obtaining the requested order. In a May 19, 1998 order, the trial court granted Richard's petition for inspection and also found that Motor Warehouse did not act in good faith when it denied Richard's request for an inspection of its records. Richard then petitioned for an award of attorney fees and costs pursuant to OCGA § 14-2-1604 and attached an affidavit from her counsel, David Maslia, in support of this petition. In a June 24, 1998 order, the trial court awarded Richard $4,173.84 for the Estate's costs, including reasonable attorney fees. The trial court also denied Motor Warehouse's motion to strike David Maslia's affidavit. The trial court did not hold an evidentiary hearing on the petition for costs.

Motor Warehouse filed a notice of direct appeal from the trial court's June 24, 1998 order on July 7, 1998. Richard moved to dismiss this appeal because Motor Warehouse "failed to comply with the discretionary appellate procedure pursuant to OCGA § 5-6-35." For reasons which follow, we deny Richard's motion to dismiss this appeal and remand for a hearing on the issue of costs, including attorney fees.

1. Richard asserts the order from which Motor Warehouse appeals is not directly appealable because the amount awarded in the order does not exceed $10,000. OCGA § 5-6-35 outlines the categories of cases subject to discretionary appellate review and one of these categories is "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less." OCGA § 5-6-35 (a) (6). Since this action arose as a petition for inspection and copying of corporate records, we find this matter is correctly before us by direct appeal under OCGA § 5-6-34 (a) (1). While the amount of attorney fees awarded by the trial court under OCGA § 14-2-1604 (c) is less than

$10,000, a petition for inspection and copying of corporate records is not an action for damages necessitating a discretionary appeal under OCGA § 5-6-35 (a) (6). Cf. *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391 (469 SE2d 469) (1996); *Walker v. Ga. Power Co.*, 177 Ga. App. 493 (339 SE2d 728) (1986).

We reject Richard's contention that the Supreme Court of Georgia's decision in *MTW Investment Co. v. Vanguard Properties Financial Corp.*, 256 Ga. 318 (349 SE2d 749) (1986), mandates a different result. In *MTW*, the Supreme Court affirmed this Court's conclusion that attorney fees awarded under OCGA § 13-6-11 are "damages" within the meaning of OCGA § 5-6-35 (a) (6). OCGA § 13-6-11 specifically provides that a jury may award expenses of litigation "as a part of the damages" when the defendant has acted in bad faith, been stubbornly litigious or caused unnecessary trouble and expense.

In this case, the fees were awarded under OCGA § 14-2-1604 (c) which provides: "If the court orders inspection and copying of the records demanded, it shall also order the corporation to pay the shareholder's *costs* (including reasonable attorneys' fees) incurred to obtain the order unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded." (Emphasis supplied.) Since the attorney fees in this case were awarded as costs under OCGA § 14-2-1604 (c) and not damages under OCGA § 13-6-11, the *MTW* decision does not control.

2. Having determined that this appeal is properly before us, we now address the propriety of the trial court's June 24, 1998 order. "A party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services." *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994). See also *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 669 (3) (476 SE2d 43) (1996). In this case, Motor Warehouse was deprived of this right because the trial court failed to hold an evidentiary hearing on Richard's petition for the award of costs. We therefore vacate the trial court's order awarding Richard $4,173.84 and remand this case for an evidentiary hearing on the issue of the amount of costs, including reasonable attorney fees, which should be awarded to Richard under OCGA § 14-2-1604 (c). See *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993); *First Union Nat. Bank v. Davies-Elliott, Inc.*, 215 Ga. App. 498, 503 (452 SE2d 132) (1994); *Cohen v. Feldman*, 219 Ga. App. 90, 92 (464 SE2d 237) (1995).

*Judgment vacated and remanded with direction. Pope, P. J., and Ruffin, J., concur.*

Decided December 23, 1998.

*Wetzel & Associates, Michael L. Wetzel*, for appellant.
*Bodker, Ramsey & Andrews, David J. Maslia*, for appellee.