A00A0897, A00A0927. HARALSON COUNTY et al. v. KIMBALL (two cases).

(533 SE2d 762)

McMurray, Senior Appellate Judge.

In this appeal we are asked to decide whether, under OCGA § 45-9-21 (e) (2), a county which sues one of its duly elected officials for exceeding his budget can be ordered to pay the official's reasonable attorney fees and costs.

OCGA § 45-9-21 (e) (2) provides in pertinent part:

> In any civil case in which the county attorney has a conflict of interest which would ethically prevent the county attorney from representing both the county, the governing authority of the county, or another county officer or employee and the county officer, upon a determination by the chief judge of the superior court of the circuit in which the county is located that an ethical conflict exists, the county officer shall be authorized to employ individual legal counsel to represent such county officer in such matter. The governing authority of the county shall pay the reasonable fees of such individual counsel and all applicable court costs, deposition costs, witness fees and compensation, and all other like reasonable costs, expenses, and fees. . . . Such fees and costs shall be authorized by the chief judge of the superior court of the circuit in which the county is located. This subsection shall not apply unless the governing authority of the county has first denied a written request by a county officer for counsel.[1]

The record reveals the following facts: Haralson County and its sole commissioner, Amos Sparks, sued Haralson County Sheriff Ronnie Kimball, claiming the sheriff had exceeded his budget each fiscal year since taking office on January 1, 1997. The county commissioner, who established the sheriff's budget, sought a writ of mandamus and an injunction to compel the sheriff to stay within his budget. The parties settled these issues by entering into a consent order.

---

[1] The term "county officer" expressly includes the sheriff. OCGA § 45-9-21 (e) (1).

Shortly before the consent order was filed, the sheriff moved to recover attorney fees and costs incurred in defending the action. The trial court granted the motion under OCGA § 45-9-21 (e) (2), ruling that the award of attorney fees and costs shall not exceed $4,000. In Case No. A00A0897, the county originally filed an application for appeal to the Supreme Court of Georgia, invoking that Court's equity jurisdiction. The Supreme Court transferred the application to this Court. We granted the application under OCGA § 5-6-35 (j), finding the order was directly appealable. Thereafter, the county filed a second notice of appeal, which was docketed in this Court as Case No. A00A0927. The cases are consolidated for appeal. *Held*:

1. At the outset we note that this matter is directly appealable. Although the attorney fees awarded were less than $10,000, the underlying action seeking a writ of mandamus and an injunction was not an action for damages under OCGA § 5-6-35 (a) (6).[2]

2. The county's argument that the sheriff failed to follow the procedural prerequisites for seeking attorney fees and costs under OCGA § 45-9-21 (e) (2) is specious. The statute requires (a) the county's denial of a written request for payment of fees, and (b) a judicial determination that an ethical conflict exists which prevents the county attorney from representing the county officer.

The sheriff's counsel twice made a written request to the county's counsel for payment of fees, explaining the sheriff's need to retain outside counsel based on the county attorney's conflict of interest. The first request was made on April 14, 1999, less than 30 days after the complaint was filed. The county failed to respond. Next, a few days before the consent order was entered, the sheriff filed his motion for fees and costs, seeking a determination that a conflict of interest existed. The trial court made that determination. Clearly, the sheriff complied with the statute.

Contrary to the county's argument, the sheriff was not required to proceed pro se until the trial judge determined that the litigation created a conflict of interest for the county attorney. What clearer conflict of interest could exist for the county attorney than a legal battle over the budget waged by the county and county commissioner against one of its duly elected officers?

3. Finally, the gravamen of the county's argument is that OCGA § 45-9-21 (a) grants it the discretion to decline to pay the sheriff's attorney fees. That Code section provides:

In lieu of obtaining the insurance or indemnity referred to in Code Section 45-9-20 or in addition thereto, such . . . coun-

---

[2] See *Motor Warehouse v. Richard*, 235 Ga. App. 835, 836 (1) (510 SE2d 600).

ties . . . may, in their discretion, as a part of the compensation and terms of employment of . . . elected or appointed officers, adopt policies whereby the . . . county . . . will undertake to defend all or specified . . . actions brought or maintained against . . . elected or appointed . . . county officers, *arising out of the performance of their duties or in any way connected therewith.* . . .

The county argues unless it adopts a policy to defend the sheriff whenever it files suit against him, it cannot be ordered to pay his attorney fees. Were we to adopt the county's construction of the statute, the county would have unfettered discretion to force every duly elected county officer to bear his or her own litigation expenses in all actions initiated by the county. We do not believe the legislature intended for the county to wield so mighty a sword.

No Georgia case mandates a contrary result. In *Haywood v. Hughes*, 238 Ga. 668 (235 SE2d 2), Glascock County taxpayers sued the county commissioners, alleging they were not empowered to pass a resolution authorizing the payment of attorney fees the sheriff incurred in defending two civil rights actions. The Supreme Court disagreed, holding,

that Code Ann. § 89-945 [now OCGA § 45-9-21 (a)] authorizes a county to expend funds to pay attorney fees for the defense of actions against a sheriff for the violation of civil rights where the county has adopted a general policy to pay attorney fees in such actions.

Id. at 669.[3]

The Court went on to hold that the county commissioners' resolution constituted "the adoption of a policy to pay attorney fees in the defense of two 'specified' cases against the sheriff" and was "within the authority given under the statute." *Haywood v. Hughes*, 238 Ga. at 669, supra.

*Haywood* is inapposite to the case sub judice, where the sheriff is defending an action *brought by the county itself* challenging the sheriff's alleged overspending. In this situation, OCGA § 45-9-21 (e) (2), and not subsection (a), governs.

Our ruling comports with *Gwinnett County v. Yates*, 265 Ga. 504 (458 SE2d 791). In that case, the Supreme Court of Georgia held that Yates, the Clerk of Gwinnett County Superior Court,[4] was not subject

---

[3] The statute was held constitutional in *Horn v. City of Atlanta*, 236 Ga. 247 (223 SE2d 647).

[4] Like the sheriff, the clerk of the superior court is also a county officer under OCGA § 45-9-21 (e) (1).

to the Gwinnett County Merit System. Yates had discharged a deputy clerk, who appealed to the Merit Board. Yates contended that the Merit Board could not supersede his power to hire and discharge deputy clerks. The county attorney refused to assert Yates' position. Yates then retained outside counsel and filed a declaratory judgment action. The superior court agreed with Yates' position on the merits but denied his request for attorney fees. The Supreme Court reversed as to the attorney fees, holding that:

> where, as here, an official, acting in his official capacity, is required to hire outside counsel to assert a legal position the local government attorney cannot (because of a conflict in representing the local government) or will not assert, and the official is successful in asserting his or her position, the local government must pay the official's attorney fees. This is not because of any bad faith or improper conduct on the part of the local government, in this case, the county. Rather, attorney fees in this instance are simply an expense of government operation.

Id. at 508-509 (2).

As in *Yates*, county counsel in the case sub judice had an ethical conflict. Accordingly, the sheriff was authorized to hire private counsel. The trial court correctly ruled that this is exactly the type of situation OCGA § 45-9-21 (e) (2) was designed to address.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED APRIL 13, 2000.

*Wimberly & Lawson, Les A. Schneider, James L. Stine, Bradley T. Adler,* for appellants.

*Parks, Chesin & Miller, Allan L. Parks, Jr., Mitchell Benjamin,* for appellee.

*Walker, Hulbert, Gray & Byrd, Charles W. Byrd,* amicus curiae.