# Court of Appeals
# of the State of Georgia

ATLANTA,＿＿June 07, 2016＿＿＿＿＿

*The Court of Appeals hereby passes the following order:*

## A16D0382. CASTLEBERRY SQUARE CONDOMINIUM ASSOCIATION, INC. v. TDRES 2012, LLC et al.

After obtaining title to a condominium following a tax sale, TDRES 2012 LLC filed a quiet title action against several defendants, including Castleberry Square Condominium Association, Inc. ("the Association"). In response, the Association claimed entitlement to excess tax sale proceeds for unpaid condominium assessments. Following submission of the claim to a special master, the trial court disbursed over $30,000 in excess tax sale proceeds as follows: $4,815.00 to the special master; $2,207.17 to the Association; and the remaining funds to the former owner of the condominium unit.

The Association seeks to appeal this ruling and filed an application for discretionary appeal under OCGA § 5-6-35 (a) (6), which requires an application for "[a]ppeals in all actions for damages in which the judgment is $10,000 or less[.]" However, this case commenced as a quiet title action that involved disbursement of excess tax sale proceeds. Thus, it is not properly characterized as an "action for damages" necessitating a discretionary application. See, e. g., *Brown v. Associates Fin. Servs. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986); (no application required where case commenced as a personal property foreclosure); *Motor Warehouse, Inc. v. Richard*, 235 Ga. App. 835 (1) (510 SE2d 600) (1998) (no discretionary application required from attorney fee award less than $10,000 where case commenced as a petition to inspect and copy corporate records); *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391 (469 SE2d 469) (1996) (no application needed where underlying action involved materialman's lien against property).

Even if we were to assume that this case is an action for damages under OCGA § 5-6-35 (a) (6), we would look to the aggregate amount of the "damages" – here, over $30,000 – to determine jurisdiction rather than the amount awarded to the Association. See *Ostrom v. Kapetanakos*, 185 Ga. App. 728, 729 (1) (365 SE2d 849) (1988) ("it is the amount of the underlying final judgment from which an appeal is taken, not the enumerations of error, which determines the direct or discretionary appealability of any given case"). In any event, the order is subject to direct appeal.

Under OCGA § 5-6-35 (j), we will grant an otherwise timely discretionary application if the lower court's order is subject to direct appeal. Accordingly, this application is hereby GRANTED. The Association shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, the Association has already filed a notice of appeal from the order at issue, it need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



Court of Appeals of the State of Georgia
　　　Clerk's Office, Atlanta,_____06/07/2016_____
　　　*I certify that the above is a true extract from*
the minutes of the Court of Appeals of Georgia.
　　　*Witness my signature and the seal of said court*
hereto affixed the day and year last above written.

_____, Clerk.