# Court of Appeals
# of the State of Georgia

ATLANTA,  February 20, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0277.  JACK L. MIZE v. TODD COWAN.**

Todd Cowan, the Douglas County Tax Commissioner, filed this interpleader action to determine the rightful owner of $4,842.71 in excess funds that he held following a tax sale of real property.  The trial court entered an order awarding $1,115.00 to the county for its attorney fees and the remaining $3,727.71 to the successor of a bank that had purchased the property in the tax sale.  Former property owner Jack Mize filed a motion for new trial, which the trial court denied.  Mize then filed this application for discretionary appeal.

Mize contends that a discretionary application was required because OCGA § 5-6-35 "limits the appeal rights of those appealing judgments which total less than $10,000.00 to a procedure of applying for the right to appeal to the appellate court." OCGA § 5-6-35 (a) (6) does provide that a discretionary application is required for "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less." Although the amount in controversy here was less than $10,000.00, this case is not an "action for damages" within the meaning of OCGA § 5-6-35 (a) (6); it is a tax interpleader case.  See *Brown v. Associates Financial Svcs. Corp.*, 255 Ga. 457, 457 (339 SE2d 590) (1986) (interpreting OCGA § 5-6-35 (a) (6) to apply "when a party seeking a money judgment prevails"; statute did not apply to personal property foreclosure case); see also *Motor Warehouse v. Richard*, 235 Ga. App. 835, 835-836 (1) (510 SE2d 600) (1998) (no discretionary application required to appeal judgment arising from petition for inspecting and copying corporate records); *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 391-392 (469 SE2d 469) (1996) (OCGA § 5-6-35 (a) (6) did not apply because "action arose as a complaint on a property lien").

Accordingly, Mize was not required to file a discretionary application under OCGA § 5-6-35 (a) (6). Further, it does not appear that any other provision of OCGA § 5-6-35 applies here.

This Court will grant a timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Mize shall have ten days from the date of this order to file a notice of appeal with the trial court, if he has not done so already. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/20/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*