**69515. GARDNER et al. v. VILLA MONTE HOMES, INC. et al.**
(328 SE2d 565)

BENHAM, Judge.

Appellants sued appellees and the Housing Authority of the City of Atlanta for damages arising from the drowning death of Mrs. Gardner's two daughters. On appeal from a judgment in appellants' favor, this court reversed with direction that a new trial be granted to the Housing Authority and that judgment n.o.v. be granted to the other two defendants, the appellees in the present appeal. Upon the return of the remittitur to the trial court, appellees moved for a judgment against appellants for the costs of the appeal. The motion, based on OCGA § 5-6-5 and on this court's decision in *Marshall v. Fulton Nat. Bank*, 152 Ga. App. 121 (1) (262 SE2d 448) (1979), revd. on other grounds, *Fulton Nat. Bank v. Marshall*, 245 Ga. 745 (267 SE2d 225) (1980), was granted, resulting in a judgment against appellants for $1,951.75. This appeal is from that judgment.

Appellees have filed a motion to dismiss this appeal for noncompliance with OCGA § 5-6-35. That section provides a procedure for invoking the discretion of the appellate court to hear appeals in certain specified classes of cases, and reads in pertinent part as follows: "(a) Appeals in the following cases shall be taken as provided in this Code section: . . . (6) Appeals in all actions for damages in which the judgment is $2,500 or less . . ." Id. The appellants in the present appeal did not follow the procedure established by the quoted Code section.

In response to appellees' motion to dismiss, appellants argue that OCGA § 5-6-35 (a) (6) does not apply to their appeal, because the judgment did not arise from an action for damages *by appellees*. The essence of that argument is that the section applies only when a plaintiff is successful in the trial court and the judgment granted to that plaintiff is for less than $2,500.

We do not find any language in the Code section which limits its application to judgments in favor of plaintiffs. As we read the statute, it applies to all judgments for $2,500 or less that arise from an action for damages. Since the suit filed by appellants was an action for damages and since this judgment was entered in that action, we find inescapable the conclusion that OCGA § 5-6-35 (a) (6) is applicable. It necessarily follows that appellants' failure to invoke the discretion of this court by an application pursuant to OCGA § 5-6-35 requires that this appeal be dismissed. *Hogan v. Taylor County Bd. of Education*, 157 Ga. App. 680 (278 SE2d 106) (1981).

*Appeal dismissed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 1, 1985 —
REHEARING DENIED MARCH 15, 1985 — ▮▮▮▮▮▮▮

*W. Pitts Carr, David H. Pope*, for appellants.
*Sidney F. Wheeler, William A. Dinges, Lenwood A. Jackson, J. Loren Fowler*, for appellees.