74390. VAUGHN v. CABLE EAST POINT, INC. et al.
(363 SE2d 639)

CARLEY, Judge.

Appellant brought suit against appellee and others seeking damages for false arrest and false imprisonment. Pursuant to OCGA § 9-11-37 (d), appellee moved for dismissal of the action with prejudice and the award of reasonable costs, including attorney's fees, caused by appellant's alleged failure to comply with discovery procedures. Prior to any ruling on appellee's motion, appellant voluntarily dismissed her complaint without prejudice. Subsequent to the voluntary dismissal, the trial court entered an award of $500 in attorney's fees in favor of appellee as reasonable expenses incurred as a result of appellant's failure to respond to discovery. Appellant filed this direct appeal from the trial court's order awarding attorney's fees.

An application for appeal is required in all actions for damages in which the judgment is $2,500 or less. OCGA § 5-6-35 (a) (6). While it is true that the $500 was awarded in this case as a sanction, it is nevertheless a "judgment" in favor of appellee in an amount less than $2,500. "As we read the statute, it applies to all judgments for $2,500 or less that arise from an action for damages. Since the suit filed by [appellant] was an action for damages and since this judgment was entered in that action, we find inescapable the conclusion that OCGA § 5-6-35 (a) (6) is applicable. It necessarily follows that [appellant's] failure to invoke the discretion of this court by an application pursuant to OCGA § 5-6-35 requires that this appeal be dismissed. [Cit.]" *Gardner v. Villa Monte Homes*, 173 Ga. App. 896 (328 SE2d 565) (1985).

*Appeal dismissed. Birdsong, C. J., Deen, P. J., Banke, P. J.,*

*Pope and Benham, JJ., concur. McMurray, P. J., Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

Although this is a direct appeal involving $500, OCGA § 5-6-35 (a) (6) with its $2,500 jurisdictional requirement is not applicable because the $500 sum was a sanction under OCGA § 9-11-37 and thus did not fall within the category of damages contemplated by OCGA § 5-6-35 (a) (6). The categories of cases which are statutorily deprived of direct appeal status should be strictly construed because the device limits the traditional right of a losing party to review of the trial court's decision given generally. OCGA § 5-6-33 (a) (1) provides the general right: "Either party in any civil case . . . may appeal from any . . . judgment, decision, or decree. . . ." OCGA § 5-6-35 (a) carves out exceptions to the right. Thus, in accordance with the rules of statutory construction, OCGA § 1-3-1 (a), the exception should not be extended beyond its terms by way of implication. *Gibbons v. Md. Cas. Co.*, 114 Ga. App. 788, 795, fn. 1 (152 SE2d 815) (1966).

The award here was not a part of the damages sought in the action, nor a judgment imposed as the result of a factfinder's consideration of action, as the action itself was voluntarily dismissed. Instead, it was a court-awarded penalty for abuse of the rules governing the pursuit of an action. It was of a different species than the damages contemplated and sought by plaintiff as redress for his cause of action. Given by order of the court, the penalty award made by the court in the exercise of its administrative function was of a different nature than the damages which ordinarily contemplated as being in the *judgment.* " 'A judgment is the *final* result of pleadings, evidence and law in the case. *Blandford & Thornton v. McGehee*, 67 Ga. 84, 88 (1881)." *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986).

Compare *MTW Investment Co. v. Vanguard Properties Corp.*, 179 Ga. App. 403, 405 (346 SE2d 575) (1986), aff'd 256 Ga. 318 (349 SE2d 749) (1986). In that case the award, by the factfinder in the trial of the cause of action, was of damages sought as part of the cause of action and arising as part of that cause. They are by statute "a part of the damages," OCGA § 13-6-11, and are awardable by the factfinder. Thus they were held to be "within the category of 'damages' as contemplated by OCGA § 5-6-35 (a) (6), requiring an application to appeal in all actions in which the *judgment* is $2,500 or less." (Emphasis supplied.) *MTW Investment Co.*, supra at 405.

It appears that the appeal is properly before us and should be dealt with on its merits.

I am authorized to state that Presiding Judge McMurray and Judge Sognier join in this dissent.

Decided December 4, 1987.

*Charles E. Muskett*, for appellant.
*Edward A. Kazmarek*, for appellees.