76722. MOTOR FINANCE COMPANY v. DAVIS et al.
(372 SE2d 674)

CARLEY, Judge.

Appellant-plaintiff filed suit in the magistrate court, naming both appellee and another individual as defendants. The magistrate court entered judgment in favor of appellant. Appellee then filed an appeal for de novo review by the superior court. See OCGA § 15-10-41 (b). Upon its de novo review, the superior court granted summary judgment in favor of appellee. Appellant then filed this direct appeal from the superior court's order.

Appellee moved to dismiss this direct appeal, urging that, in seeking to file an appeal in an action for damages in which the judgment is $2,500 or less, appellant was required to secure the grant of an application for discretionary appeal under OCGA § 5-6-35 (a) (6). See *Jarrett v. Ford Motor Credit Co.*, 178 Ga. App. 600 (344 SE2d 440) (1986); *Lightwerk Studios v. Door Units of Ga.*, 184 Ga. App. 148, 149 (361 SE2d 32) (1987). Appellee's motion to dismiss was denied because the provisions of OCGA § 5-6-35 (a) (6) do not apply to

an appeal from a judgment in favor of a defendant. See *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986); *Brown v. Assoc. Fin. Svcs. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986); *Boatner v. Kandul*, 180 Ga. App. 234 (348 SE2d 753) (1986). The only issue raised by appellee's motion to dismiss was the applicability of OCGA § 5-6-35 (a) (6) and, accordingly, that is the only jurisdictional issue upon which this court has thus far ruled.

However, even though subsection (6) of OCGA § 5-6-35 (a) is inapplicable to this case, the instant appeal is one which is nevertheless discretionary. "OCGA § 5-6-35 (a) ([cit.]) provides: 'Appeals in the following cases shall be taken as provided in this Code section: (1) Appeals from decisions of the superior courts reviewing decisions of . . . lower courts by certiorari or de novo proceedings . . .' As this appeal was not brought under the foregoing statute, the appeal . . . [is] dismissed. [Cits.]" *Manley v. Williams*, 166 Ga. App. 298, 298-299 (304 SE2d 468) (1983). Accordingly, inasmuch as the present case is one in which an application for discretionary appeal must be made under OCGA § 5-6-35 (a) (1) and appellant has failed to file such an application, this court has no jurisdiction over this direct appeal and must dismiss it.

*Appeal dismissed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Berry B. Earle III*, for appellant.
*William U. Norwood III, George R. Lilly II*, for appellee.