## S90G0405. BALES v. SHELTON.
### (391 SE2d 394)

CLARKE, Chief Justice.

William Bales sued David Shelton for damages arising from an auto accident. The jury awarded Bales $1,500. The trial court then gave defendant credit against the judgment for no-fault insurance payments. The amount of the credit exceeded the amount of the judgment. Therefore, Bales recovered nothing. Bales filed a direct appeal to the Court of Appeals. The Court of Appeals dismissed the appeal, holding that an application for discretionary appeal should have been filed. We granted certiorari to consider whether an application was necessary in light of *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986); *Barikos v. Vanderslice*, 177 Ga. App. 884 (341 SE2d 513) (1986); and OCGA § 5-6-35 (a) (6).

Bales contends that no application to appeal is necessary in his case because *City of Brunswick*, supra, holds that the discretionary

appeal procedure provided in OCGA § 5-6-35 (a) (6) applies only where the amount recovered in the final judgment is between one cent and $2,500. Further, in *Barikos*, supra, the Court of Appeals held that before deciding whether a judgment falls within the ambit of the discretionary appeal procedure, the court must subtract amounts credited against the judgment for no-fault insurance payments. Therefore, he reasons that for purposes of the appeal procedure, his recovery should be considered to be zero — and a zero recovery does not fall within the ambit of the discretionary appeal procedure.

Given the existing case law, Bales' reasoning is sound; but we believe it achieves the wrong result. In OCGA § 5-6-35 (a) (6), the legislature made clear its intention to require an application to appeal when the judgment is between one cent[1] and $2,500. See *City of Brunswick*, supra. The purpose of the statute is to limit appeals in those cases where a jury has decided that the damage involved was less than $2,500. In a tort action, set-offs to the judgment that arise from some collateral source — such as prior payments, or pre-existing debts[2] — do not help to ascertain the price tag for the injury involved in the action. Therefore, such set-offs should not be considered when deciding whether an application for appeal is necessary. In so holding, we overrule *Barikos*, supra.

In this case the jury determined that the damage to plaintiff was $1,500. Under the rule stated in this case, an application to appeal is required in such cases. Nevertheless, Bales was entitled to rely on *Barikos* when he made the decision not to file an application for appeal. Our holding today, overruling *Barikos*, is to be applied prospectively only.

This appeal was proper under the law at the time it was filed. It should not have been dismissed.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 17, 1990.

*Smolar, Pelletier, Roseman & Barnes, Anne E. Barnes, Thomas Allan Rice,* for appellant.

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Hudson & Montgomery, David R. Montgomery, Carey & Walker, Jack M.*

---

[1] One cent was chosen rather than zero because a "take nothing" verdict often reflects the jury's decision on liability issues rather than a determination that the damage involved was low.

[2] Reductions in the damages arising from comparative negligence, failure to mitigate, etc. are not set-offs that arise from a collateral source.