## S90G1392. LEE et al. v. BRITT.
### (400 SE2d 5)

FLETCHER, Justice.

We granted certiorari in *Lee v. Britt*, 196 Ga. App. 152 (395 SE2d 347) (1990), to clarify our decision in *Bales v. Shelton*, 260 Ga. 335 (391 SE2d 394) (1990).

This is an appeal of a judgment that totaled $2,905.30 prior to the application of set-offs for no-fault PIP benefits received by the plaintiffs. The judgment totaled only $1,063.58 after the application of such set-offs. OCGA § 5-6-35 (a) (6) requires discretionary appeal applications for "[a]ppeals in all actions for damages in which the judgment is $2,500.00 or less." In *Barikos v. Vanderslice*, 177 Ga. App. 884 (341 SE2d 513) (1986), the Court of Appeals held that discretionary appeal procedures must be followed when appealing a judgment in an action for damages where, pursuant to an agreement of the parties, the no-fault insurance benefits appellant/plaintiff received were set-off from a verdict of $5,800, thereby resulting in a judgment being entered for $800. In *Barikos*, the Court of Appeals relied upon *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986), wherein this Court held that the final result of an action for damages determines whether the $2,500 threshold has been crossed and that OCGA § 5-6-35 (a) (6) applies to monetary judgments ranging from one cent to $2,500.

In *Bales v. Shelton*, supra, a judgment of $1,500 was entered in favor of plaintiff Bales upon a jury verdict of $1,500. Pursuant to the trial judge's order, however, the judgment was reduced by the amount of no-fault insurance benefits received by Bales, which amount ex-

ceeded $1,500. The Court of Appeals dismissed the direct appeal holding that Bales should have filed an application for discretionary appeal. We granted certiorari in light of *City of Brunswick* and *Barikos*.

In *Bales* we overruled *Barikos* and held that set-offs to the judgment that arise from a collateral source should not be considered when deciding whether an application for appeal is necessary. However, we also held that the appellant in *Bales* was entitled to rely on the *City of Brunswick/Barikos* holding that a zero judgment may be appealed without following discretionary appeal procedures. For that reason, an appeal as of right was allowed to proceed in *Bales*, and the decision was given prospective effect only.

Although *Bales* allows the plaintiffs in this case to appeal their judgment as a matter of right, the Court of Appeals dismissed the appeal on the ground that *Bales* applies prospectively only. However, the prospective application of *Bales* applies only to those pending appeals in which the appellant had relied on the *City of Brunswick/Barikos* holding. It was not our intention in *Bales* to require the dismissal of an appeal of a judgment that exceeds $2,500, prior to set-offs from a collateral source, on the ground that, at the time the notice of appeal was filed, an appeal application was required under *Barikos*.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 31, 1991.

*Kunes & Kunes, G. Gerald Kunes,* for appellants.
*Simpson & Gray, Joseph B. Gray, Jr.,* for appellee.