A96A2148. KHAN et al. v. SANDERS.
(478 SE2d 615)

MCMURRAY, Presiding Judge.
Plaintiffs Mohammed Khan and Dennis Rogers, doing business as M & R Construction, filed this breach of contract action against defendant John Sanders, doing business as Sanders Service Company, in the State Court of DeKalb County, Georgia. Plaintiffs sought reimbursement of unspecified "expenses for equipment costs not paid by Defendant, and to secure replacement services." They also demanded "liquidated damages at $50.00 per day for [the 212] days the job remained undone after June 10, 1994." Plaintiffs further interposed a claim of abusive litigation, alleging that, "more than three (3) months after the last item of work, and contrary to Georgia law[,] Defendant filed a Mechanic's Lien on the property of the Meineke Muffler construction."

Defendant admitted the written agreement but denied any breach thereof and alleged that his materialman's lien was timely. He also counterclaimed in the principal amount of $7,260, alleging plaintiffs "failed and refused to pay the bill without legal justification, apparently due to the inability to get payment from the property owner. . . ."

On November 9, 1995, the State Court entered the following judgment for defendant: "The above action coming on regularly to be heard, Plaintiff having failed to properly respond upon the call of the case for trial, upon motion of Defendant pursuant to Uniform Court Rule 14, Plaintiff's complaint is stricken and judgment hereby granted for Defendant on the counterclaim in the sum of $5,050.00 Principal, $833.25 Interest, $0 Attorney fees and cost of court, plus future interest on the judgment at 12% per annum." Plaintiffs' timely motion to set aside judgment, motion for new trial, and motion to open default judgment, based upon counsel's scheduling "conflict through accidental and unforeseen circumstances," were denied. This direct appeal followed. *Held*:

Appeals in all actions for damages in which the judgment is $10,000 or less shall be by application in the nature of a petition filed with the Clerk of the Supreme Court or the Court of Appeals within 30 days of the entry of the order, decision, or judgment complained of. OCGA § 5-6-35 (a) (6), (b), (d). In the case sub judice, a direct appeal is not authorized from the order denying plaintiffs' motion for new trial, motion to set aside the judgment, and motion to reopen default, where the underlying judgment awarded defendant contractual damages in the principal sum of $5,050 plus $833.25 interest on his counterclaim. Consequently, this unauthorized direct appeal must be dismissed for plaintiffs' failure to comply with the mandatory procedures for discretionary appeal. *Hill v. Rose Elec. Co.*, 220 Ga. App. 603 (469 SE2d 844). Compare *McClure v. Gower*, 259 Ga. 678, 680 (2) (385 SE2d 271).

*Appeal dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996 —
RECONSIDERATION DENIED NOVEMBER 18, 1996 —

*Gerard D. Hegstrom*, for appellants.
*Levy & Adams, D. Merrill Adams*, for appellee.