S07G0307. COONEY v. BURNHAM.
(657 SE2d 239)

HINES, Justice.

We granted certiorari to the Court of Appeals to consider the propriety of its dismissal of plaintiff's direct appeal on the ground that plaintiff was required to follow the discretionary appeal procedure in OCGA § 5-6-35 (a) (6), which governs "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less." For the reasons that follow, we affirm the judgment of dismissal.

Attorney William Cooney filed suit against Larry Burnham for Burnham's failure to pay his legal fees due under the employment contract entered into by the parties.[1] In the action, Cooney also sought accrued interest as provided in OCGA § 7-4-16[2] and litigation

---

[1] The suit was brought in the name of William J. Cooney, P.C., but the plaintiff will be referred to as "Cooney."

[2] OCGA § 7-4-16 provides:

Unless otherwise provided in writing signed by the obligor, a commercial account becomes due and payable upon the date a statement of the account is rendered to the obligor. The owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1 1/2 percent per month calculated on the amount owed from the date upon which it became due and payable until paid. "Commercial account" means an obligation for the payment of money arising out of a transaction to sell or furnish, or the sale of, or furnishing of, goods or services other than a "retail installment transaction" as defined in paragraph (10) of subsection (a) of Code Section 10-1-2.

expenses and attorney fees as provided in OCGA §§ 13-1-11[3] and 13-6-11.[4] The case went to trial, and the jury returned a verdict on the complaint in favor of Cooney in the amount of $6,000.[5] Subsequently, the trial court entered judgment on the jury's verdict, awarding Cooney $6,000 together with interest pursuant to OCGA § 7-4-12,[6] but denying Cooney the requested interest under OCGA § 7-4-16,[7] and attorney fees.[8]

---

[3] OCGA § 13-1-11 states:

(a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to the following provisions:

(1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness;

(2) If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00;

(3) The holder of the note or other evidence of indebtedness or his attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. If the maker, endorser, or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

(b) Obligations to pay attorney's fees contained in security deeds and bills of sale to secure debt shall be subject to this Code section where applicable.

[4] OCGA § 13-6-11 provides:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

[5] The jury returned a zero verdict on Burnham's counterclaim.

[6] Former OCGA § 7-4-12, in effect at the time the complaint was filed on March 10, 2003, provided:

All judgments in this state shall bear interest upon the principal amount recovered at the rate of 12 percent per year unless the judgment is rendered on a written contract or obligation providing for interest at a specified rate, in which case the judgment shall bear interest at the rate specified in such contract or obligation. The postjudgment interest provided for in this Code section shall apply automatically to all judgments in this state and such interest shall be collectable as a part of each such judgment whether or not such judgment specifically reflects the entitlement to such interest.

[7] The trial court stated that it was denying pre-judgment interest because it found that Cooney's claim was unliquidated.

[8] In denying attorney fees, the trial court did not specify either OCGA § 13-1-11 or OCGA § 13-6-11; however, Cooney's argument is only in regard to the failure to award attorney fees

Cooney filed a direct appeal from the judgment to the Court of Appeals, which dismissed the appeal, stating that because the judgment was not greater than $10,000, Cooney was required to follow the discretionary procedure set forth in OCGA § 5-6-35 (a) (6).[9]

Cooney argues that the dismissal was improper because it conflicts with the holdings in *Bales v. Shelton*, 260 Ga. 335 (391 SE2d 394) (1990), and *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986). But, that is not the case. In *Bales v. Shelton*, which relied on *City of Brunswick v. Todd*, this Court made plain that in OCGA § 5-6-35 (a) (6), the General Assembly has expressed the clear intent to require an application to appeal when the judgment at issue is between one cent and up to and including the statutory maximum, which presently is $10,000; the purpose of the statute is to limit appeals in those cases where the factfinder has decided that the damage involved was $10,000 or less.[10] *Bales v. Shelton* at 335. See also *Eberhardt v. Ga. Farm Bureau Mut. Ins. Co.*, 223 Ga. App. 478 (477 SE2d 907) (1996). It is undisputed in this case that judgment was entered on the jury's verdict for damages of less than $10,000. Yet, citing footnote 1 of *Bales v. Shelton*, id. at 336, Cooney urges that the direct appeal procedure in OCGA § 5-6-34 is applicable because his appeal involves questions of liability, not damages, in that he received "no recovery" or a "zero recovery" on his claims for prejudgment interest and attorney fees, i.e., an adverse finding on liability for such claims. But, this argument is unavailing.

In *Bales v. Shelton* at 336, n. 1, this Court noted that in OCGA § 5-6-35 (a) (6), "[o]ne cent was chosen rather than zero because a 'take nothing' verdict often reflects the jury's decision on liability issues rather than a determination that the damage involved was low." This is consistent with the stated legislative purpose. *Bales v. Shelton* at 335. The fact that Cooney failed to recover any prejudgment interest or attorney fees does not render those claims independent from his cause of action for damages for the purpose of assessment under OCGA § 5-6-35 (a) (6); indeed, such claims were totally dependent on the judgment being rendered in the main claim, that is, recovery was inextricably bound with the disposition on the cause of action for damages for breach of the employment contract.[11] Thus, the failure to recover on these ancillary claims cannot transform the

---

under OCGA § 13-1-11; therefore, any refusal to make an award under OCGA § 13-6-11 will not be addressed.

[9] The order from the Court of Appeals also dismissed Burnham's cross-appeal from the same judgment because the main appeal was dismissed for lack of jurisdiction.

[10] At the time *Bales v. Shelton* was decided, the applicable statutory maximum was $2,500.

[11] By its very nature, a claim for prejudgment interest under OCGA § 7-4-16 is dependent on the amount found due and owing on a commercial account. Likewise, the obligation to pay

judgment at issue, i.e., the award to Cooney of $6,000 plus postjudgment interest, into a finding on liability adverse to Cooney, so as to render appeal of the matter outside the ambit of OCGA § 5-6-35 (a) (6), and confer an independent right of direct appeal. See *Ponse v. Atlanta Cas. Co.*, 270 Ga. App. 122 (605 SE2d 826) (2004) (granted plaintiff discretionary review under OCGA § 5-6-35 (a) (6), where jury returned a $10,000 general verdict in favor of plaintiff but against him on his claims of bad faith, fraud, attorney fees, and punitive damages).

The judgment for Cooney was one for damages in an amount under $10,000, and as such, it was subject to appeal as a matter of discretion rather than of right. Consequently, the Court of Appeals was correct in dismissing Cooney's direct appeal on the jurisdictional ground of failure to comply with OCGA § 5-6-35 (a) (6).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 2008.

*William J. Cooney*, pro se.
*Carl A. Veline, Jr.*, for appellee.

attorney fees under OCGA § 13-1-11 is wholly dependent on the underlying liability and satisfaction of the conditions in the statute. See *TermNet Merchant Svcs. v. Phillips*, 277 Ga. 342 (588 SE2d 745) (2003).