S07A1752. HARPAGON COMPANY, LLC v. DAVIS et al.
(658 SE2d 633)

HINES, Justice.

This is a direct appeal by plaintiff, the Harpagon Company, LLC ("Harpagon"), following a judgment entered by the superior court in an action which originated as a petition to quiet title to a condominium unit ("property") Harpagon acquired by quitclaim deed following a tax sale.[1] For the reasons which follow, the appeal is dismissed.

---

[1] The property was sold at a tax sale on February 1, 2005, to satisfy unpaid taxes assessed against it. Heartwood 11, LLC ("Heartwood"), was the purchaser at the tax sale, and received a tax deed from the named property owner, Linda L. Davis ("Davis"), by and through the Sheriff of Fulton County. Heartwood conveyed the property to Harpagon by quitclaim deed on April 1, 2006.

The sole issue argued on appeal is whether Harpagon is liable for accrued condominium assessments and attendant charges with respect to the property from the date of the tax sale through the date the right to redeem the property was foreclosed. The issue is raised by virtue of the superior court's award of judgment for such assessments and attendant charges adverse to Harpagon and in favor of the appellee condominium association, Springside Condominium Association, Inc. ("Springside"), on Springside's counterclaim for monetary damages against Harpagon. The counterclaim was for the amount of the assessments, late fees, interest, costs, and attorney fees as the result of Harpagon's refusal to pay the assessments in violation of the Georgia Condominium Act (OCGA § 44-3-70 et seq.) and the subject Declaration of Condominium; the request for attorney fees was made specifically pursuant to OCGA § 44-3-109 (b) (3), which includes as part of the damages, the costs of collection of the assessments, including court costs, the expenses of any sale, any expenses required for the protection and preservation of the condominium unit, and reasonable attorney fees.[2] See *Landor Condominium Consultants v. Colony Place Condominium Assn.*, 195 Ga. App. 840 (395 SE2d 25) (1990). The total amount of the judgment awarded on the counterclaim for damages, which is the only ruling challenged in this appeal, is $9,462.65.[3]

OCGA § 5-6-35 (a) (6) governs "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less." This Court recently reaffirmed that

> in OCGA § 5-6-35 (a) (6), the General Assembly has expressed the clear intent to require an application to appeal when the judgment at issue is between one cent and up to and including the statutory maximum, which presently is $10,000; the purpose of the statute is to limit appeals in those cases where the factfinder has decided that the damage involved was $10,000 or less.

*Cooney v. Burnham*, 283 Ga. 134 (657 SE2d 239) (2008). A "judgment" for the purposes of OCGA § 5-6-35 (a) (6) is the final monetary result

---

[2] The counterclaim followed earlier efforts by Springside to collect unpaid assessments on the property. On February 28, 2001, Springside filed in Fulton County a "Notice of Automatically Perfected Lien" in the total amount of $19,277.60 for unpaid assessments against the property plus interest, and on or about October 9, 2006, Springside filed suit against Heartwood in the State Court of Fulton County, seeking to recover, inter alia, assessments due during the period of Heartwood's ownership of the property.

[3] Harpagon understandably does not contest the superior court's favorable ruling on its complaint for quiet title, finding that Harpagon was vested with fee simple title to the property except for the Springside lien.

of the claim for damages. *City of Brunswick v. Todd*, 255 Ga. 448, 449 (339 SE2d 589) (1986). A judgment on a counterclaim is subject to such discretionary appeal provision, and when it is the focus of the appeal, it may be evaluated independently from the original complaint for the purpose of applicability of OCGA § 5-6-35 (a) (6). See *Khan v. Sanders*, 223 Ga. App. 576 (478 SE2d 615) (1996).

It is undisputed in this case that the factfinder entered judgment on the counterclaim for damages in an amount less than $10,000. Consequently, the present appeal of such counterclaim judgment must be dismissed for failure to comply with the mandatory provision for discretionary appeal in OCGA § 5-6-35 (a) (6).

*Appeal dismissed. All the Justices concur.*

DECIDED MARCH 10, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008.

*Proctor Hutchins, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey*, for appellant.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Assistant Attorney General, Denval A. Stewart, William A. Castings, Jr., Lipshutz, Greenblatt & King, Randall M. Lipshutz, Cynthia A. Carson, James V. Zito*, for appellees.