A08A1948. THOMPSON v. SALACOA HIGHLAND PROPERTY OWNERS' ASSOCIATION, INC.

(672 SE2d 448)

MIKELL, Judge.

Sherri E. Thompson filed this pro se direct appeal from the trial court's order dismissing her untimely filed notice of appeal. Although the trial court erred in dismissing the appeal pursuant to

OCGA § 5-6-38 (a), we lack jurisdiction because the underlying judgment Thompson seeks to appeal is for a sum less than $10,000. As such, Thompson was required to file an application for discretionary appeal in order to confer appellate jurisdiction upon this Court.[1] Having failed to do so, her direct appeal must be dismissed.

The record shows that on November 7, 2007, the trial court granted summary judgment in the amount of $5,656.72, plus court costs, to Salacoa Highland Property Owners' Association, Inc., in its suit against Thompson to recover unpaid community association assessments. Within 30 days thereafter, Thompson filed a motion for reconsideration, an amended motion for reconsideration, and a motion to vacate the judgment. However, Thompson did not file a notice of appeal until December 20, 2007. Salacoa moved the trial court to dismiss the appeal pursuant to OCGA § 5-6-38, which requires the aggrieved party to file a notice of appeal within 30 days after the entry of judgment in order to bestow jurisdiction upon the appellate court.[2] The trial court dismissed the appeal on the basis of OCGA § 5-6-38, and Thompson filed a direct appeal within 30 days of that order.

The trial court's authority to dismiss a party's appeal is governed by OCGA § 5-6-48 (c), which provides, in pertinent part, that

> the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party [or] where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence.[3]

Pursuant to OCGA § 5-6-48, only the appellate courts are authorized to dismiss an appeal based on a party's failure to file a timely notice of appeal.[4] In the case at bar, the trial court relied upon OCGA § 5-6-38, and not OCGA § 5-6-48 (c), in dismissing the appeal. In so doing, the trial court erred.

Nevertheless, this Court lacks jurisdiction to consider Thomp-

---

[1] OCGA § 5-6-35 (a) (6).

[2] See *Kappelmeier v. HSBC USA*, 280 Ga. App. 349, 350 (634 SE2d 133) (2006).

[3] See *Vaughn v. Faulkner*, 288 Ga. App. 798 (655 SE2d 686) (2007).

[4] See OCGA § 5-6-48 (b) (1); *Young v. Climatrol Southeast Distrib. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976) ("Under the Appellate Practice Act, the dismissal of an appeal is not mandatory except for the three specific instances contained in [OCGA § 5-6-48 (b)]. All three relate to dismissals by the appellate courts").

son's appeal. "[I]n OCGA § 5-6-35 (a) (6), the General Assembly has expressed the clear intent to require an application to appeal when the judgment at issue is between one cent and up to and including the statutory maximum, which presently is $10,000."[5] In her brief, Thompson challenges not only the order dismissing her appeal but also the underlying order granting summary judgment to Salacoa for $5,656.72, plus court costs. "Although the grant of a motion for summary judgment is in general directly appealable, where the amount of the judgment is $10,000 or less, an application for discretionary appeal is required."[6] Consequently, Thompson's direct appeal contesting the order granting summary judgment to Salacoa for a sum less than $10,000 must be dismissed for failure to comply with the discretionary appeal procedures.[7]

*Appeal dismissed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 8, 2009.

Sherri E. Thompson, *pro se.*
*Rodney D. Goldin, Jr.*, for appellee.

---

[5] (Citation omitted.) *Harpagon Co. v. Davis*, 283 Ga. 410, 411 (658 SE2d 633) (2008).

[6] (Citation and punctuation omitted.) *Ca-Shar, Inc. v. McKesson Corp.*, 204 Ga. App. 865 (420 SE2d 810) (1992). See also *Khan v. Sanders*, 223 Ga. App. 576, 577 (478 SE2d 615) (1996) (where the underlying judgment awarded defendant $5,050, direct appeal not authorized from order denying plaintiffs' motion for new trial, motion to set aside judgment, and motion to reopen default).

[7] See *Khan*, supra; *Ca-Shar*, supra.