**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 27, 2017**

# In the Court of Appeals of Georgia

A17A0986. ANDERSON v. LAUREANO.

MCFADDEN, Presiding Judge.

Jameila Anderson appeals the award of OCGA § 9-11-68 costs and attorney fees to Kathleen Laureano. Because the $801.99 award does not meet the statutory threshold of OCGA § 5-6-35 (a) (6) for filing a direct appeal in an action for damages, we lack jurisdiction over this appeal. So we must dismiss.

Anderson filed a complaint for damages against Laureano arising out of an automobile collision. Laureano served a written offer to settle the case for $5,500 under OCGA § 9-11-68. The case was not settled and proceeded to a jury trial, where the jury returned a defense verdict. Anderson timely moved for a new trial and Laureano moved for fees and costs under OCGA § 9-11-68. The trial court entered an order denying Anderson's motion for new trial and granting Laureano's motion

for fees and costs in the amount of $801.99. Within 30 days, Anderson filed a notice of appeal. On appeal, she challenges only the award of attorney fees and costs.

OCGA § 5-6-35 (a) (6) provides that a party must file an application for discretionary appeal to pursue an appeal "in all actions for damages in which the judgment is $10,000.00 or less[.]" The statute "applies to all judgments for $[10,000] or less that arise from an action for damages. Since the suit filed by [Anderson] was an action for damages and since this judgment was entered in that action, we find inescapable the conclusion that OCGA § 5-6-35 (a) (6) is applicable." *Vaughn v. Cable East Point*, 185 Ga. App. 203 (363 SE2d 639) (1987) (citation omitted).

The fact that the trial court awarded fees in the same order in which the court denied Anderson's motion for new trial does not save the appeal. Although the denial of a motion for new trial is generally a final judgment directly appealable under OCGA § 5-6-34 (a) (1), here Anderson challenges only the $801.99 award of attorney fees and costs. See *Numanovic v. Jones*, 321 Ga. App. 763-764 (743 SE2d 450) (2013) (dismissing appeal because appellant enumerated as error ruling that was subject to discretionary appeal procedure, even though order from which notice of appeal was filed was directly appealable). See also *Harpagon Co. v. Davis*, 283 Ga. 410, 412 (658 SE2d 633) (2008) ("A judgment on a counterclaim is subject to such

2

discretionary appeal provision, and when it is the focus of the appeal, it may be evaluated independently from the original complaint for the purpose of applicability of OCGA § 5-6-35 (a) (6).") (citation omitted). Compare *Motor Finance Co. v. Davis*, 188 Ga. App. 291 (372 SE2d 674) (1988) (in dicta, noting that OCGA § 5-6-35 (a) (6) does not apply to an appeal from a judgment in favor of a defendant, i.e., no recovery for the plaintiff on the plaintiff's claim).

For these reasons, Anderson's appeal is dismissed.

*Appeal dismissed. Branch and Bethel, JJ., concur*.