**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 9, 2018**

# In the Court of Appeals of Georgia

A17A1393. PATHFINDER PAYMENT SOLUTIONS, INC. v.
   GLOBAL PAYMENTS DIRECT, INC.

DILLARD, Chief Judge.

Pathfinder Payment Solutions, Inc. appeals from the trial court's imposition of OCGA § 9-11-37 sanctions against it in the amount of $1,875, based upon its expert's failure to attend a deposition that was noticed by Global Payments Direct, Inc. Pathfinder contends that the trial court erred by finding that the deposition was properly noticed when it was noticed and scheduled *after* the deadline for discovery, and that all acts by the trial court after December 9, 2015, were void because Pathfinder's suit against Global was voluntarily dismissed on that day, depriving the

trial court of subject-matter jurisdiction. For the reasons noted *infra*, we dismiss this appeal for lack of jurisdiction.[1]

It is well established that this Court has "a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly."[2] In that regard, Pathfinder asserts that we have jurisdiction to consider this appeal under OCGA § 5-6-34 (a) because it concerns a "final judgment." But that Code section is subject to an important exception: OCGA § 5-6-34 (a) (1) permits direct appeals for "[a]ll final judgments . . . *except as provided in Code Section*

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of disapproving dicta contained in *Motor Finance Co. v. Davis*, 188 Ga. App. 291 (372 SE2d 674) (1988) and *Robinwood, Inc. v. Baker*, 206 Ga. App. 202 (424 SE2d 353) (1992). *See Temple v. Hillegass, __ Ga. App. __, Slip op. at pp. 1-3 n. 3 (Case No. A17A1719; decided February 5, 2018) (explaining new procedure for overruling this Court's prior opinions).

[2] *Torres v. Elkin*, 317 Ga. App. 135, 138 (1) (730 SE2d 518) (2012) (footnotes omitted); *see also Coleman v. State*, 305 Ga. App. 680, 680 (700 SE2d 668) (2010) ("This Court has a duty to inquire into its jurisdiction to review the errors alleged on appeal."); *Miller v. State,* 264 Ga. App. 801, 802 (592 SE2d 450) (2003) ("It is the duty of this Court on its own motion to inquire into its jurisdiction to review the errors alleged on appeal." (punctuation omitted)); *see also Salazar v. Buono*, 559 U.S. 700, 735 (130 SCt 1803, 176 LE2d 634) (2010) (Scalia, J., concurring) ("[A]dhering to . . . limits upon our jurisdiction respects the authority of those whom the people have chosen to make and carry out the laws.").

2

*5-6-35*[.]"[3] And OCGA § 5-6-35 (a) (6) encompasses appeals in "all actions for damages in which the judgment is $10,000.00 or less," requiring that such appeals be by application.[4] Indeed, our Supreme Court has recognized that, for purposes of OCGA § 5-6-35, "judgment" relates "to the *final* result of an action for damages."[5] And this Court has previously concluded that an award of OCGA § 9-11-37 attorney fees as a discovery sanction is a "judgment" for purposes of OCGA § 5-6-35 (a) (6).[6]

---

[3] (Emphasis supplied).

[4] OCGA § 5-6-35 (b) ("All appeals taken in cases specified in subsection (a) of this Code section shall be by application in the nature of a petition enumerating the errors to be urged on appeal and stating why the appellate court has jurisdiction. The application shall specify the order or judgment being appealed and, if the order or judgment is interlocutory, the application shall set forth, in addition to the enumeration of errors to be urged, the need for interlocutory appellate review.").

[5] *City of Brunswick v. Todd*, 255 Ga. 448, 448 (339 SE2d 589) (1986).

[6] *See Vaughn v. Cable East Point, Inc.*, 185 Ga. App. 203, 203 (363 SE2d 639) (1987); *see also Anderson v. Laureano*, 342 Ga. App. 888, 889 (805 SE2d 636) (2017) ("OCGA § 5-6-35 (a) (6) provides that a party must file an application for discretionary appeal to pursue an appeal in all actions for damages in which the judgment is $10,000.00 or less. The statute applies to all judgments for $10,000 or less that arise from an action for damages. Since the suit filed by [the appellant] was an action for damages and since this judgment was entered in that action, we find inescapable the conclusion that OCGA § 5-6-35 (a) (6) is applicable." (punctuation omitted)); *Gardner v. Villa Monte Homes, Inc.*, 173 Ga. App. 896, 897 (328 SE2d 565) (1985) ("As we read [OCGA § 5-6-35 (a) (6)], it applies to all judgments for $[10,000] or less that arise from an action for damages."). *Cf. Brown v. Assocs. Fin. Servs. Corp.*, 255 Ga. 457, 457 (339 SE2d 590) (1986) ("[The appellant] argues that

3

Thus, it follows that because the judgment at issue is an award under OCGA § 9-11-37 for $1,875, Pathfinder's failure to invoke this Court's discretion by filing an application to appeal under OCGA § 5-6-35 requires that we dismiss for lack of jurisdiction.[7]

In doing so, we take this opportunity to explicitly disapprove of dicta in *Motor Finance Company v. Davis*[8] that was subsequently repeated in *Robinwood, Inc. v. Baker*.[9] The problematic language from those cases indicates that "the provisions of OCGA § 5-6-35 (a) (6) do not apply to an appeal from a judgment in favor of a

---

OCGA § 5-6-35 (a) (6) does not apply to the judgment in favor of [the appellees] because the action and judgment are for a grant of possession and not an action or a judgment for damages. We agree.").

[7] *See Vaughn*, 185 Ga. App. at 203 ("Since the suit filed by appellant was an action for damages and since this judgment was entered in that action, we find inescapable the conclusion that OCGA § 5-6-35 (a) (6) is applicable. It necessarily follows that appellant's failure to invoke the discretion of this court by an application pursuant to OCGA § 5-6-35 requires that this appeal be dismissed." (punctuation omitted)); *Gardner*, 173 Ga. App. at 897 (same). *Cf. Hart v. Redmond Reg'l Med. Ctr.*, 300 Ga. App. 641, 642 n.6 (686 SE2d 130) (2009) (noting that award of OCGA § 9-11-37 sanction after voluntary dismissal of case was "final and directly appealable" under OCGA § 5-6-34 (a) (1), but nowhere specifying the monetary amount of the award).

[8] 188 Ga. App. 291 (372 SE2d 674) (1988).

[9] 206 Ga. App. 202 (425 SE2d 353) (1992).

4

defendant."[10] We disapprove of this language to the extent it suggests a right of direct appeal in this case, in which a judgment for less than $10,000 was rendered in favor of a defendant.[11] Nevertheless, we are cognizant of our Supreme Court's recognition that OCGA § 5-6-35 (a) (6) applies to actions in which the judgment at issue is from one cent through $10,000[12] but does *not* apply to so-called "zero judgments" or situations of "zero recovery."[13] And this exception appears to be what *Motor Finance*

---

[10] *Motor Finance Co.*, 188 Ga. App. at 291; *see also Robinwood, Inc.*, 206 Ga. App. at 202 (1).

[11] *See Anderson*, 342 Ga. App. at 888-89 (noting by parenthetical that *Motor Finance Company* contains this problematic dicta, and highlighting same).

[12] *See Harpagon Co., LLC v. Davis*, 283 Ga. 410, 411 (658 SE2d 633) (2008) ("[I]n OCGA § 5-6-35 (a) (6), the General Assembly has expressed the clear intent to require an application to appeal when the judgment at issue is between one cent and up to and including the statutory maximum, which presently is $10,000; the purpose of the statute [as expressed in the relevant statutory text] is to limit appeals in those cases where the factfinder has decided that the damage involved was $10,000 or less." (punctuation omitted)); *Cooney v. Burnham*, 283 Ga. 134, 136 (657 SE2d 239) (2008) (same); *City of Brunswick*, 255 Ga. at 449 ("We hold that OCGA § 5-6-35 (a) (6) sets out the proper method of appeal from monetary judgments ranging from one cent to $[10,000].").

[13] *See Lee v. Britt*, 260 Ga. 757, 757 (400 SE2d 5) (1991) ("[A] zero judgment may be appealed without following discretionary appeal procedures."); *Bales v. Shelton*, 260 Ga. 335, 335 & n.1 (391 SE2d 394) (1990) (reiterating that "[i]n OCGA § 5-6-35 (a) (6), the legislature made clear its intention to require an application to appeal when the judgment is between one cent and [$10,000]," and noting that "[o]ne cent was chosen rather than zero because a 'take nothing' verdict often reflects the

5

*Company* intended to convey by its overly broad dicta.[14] Moreover, as we have previously recognized, nothing in the plain language of OCGA § 5-6-35 (a) (6) limits its application to judgments in favor of plaintiffs.[15]

Accordingly, Pathfinder's failure to follow the application procedure required by OCGA § 5-6-35 (a) (6) deprives us of jurisdiction to consider this appeal.[16] For all these reasons, this appeal is dismissed for lack of jurisdiction.

*Appeal dismissed. Ray and Self, JJ., concur*.

---

jury's decision on liability issues rather than a determination that the damage involved was low").

[14] *See Robinwood, Inc.*, 206 Ga. App. at 202-03 (1) (repeating the problematic language from *Motor Finance Company*, but concluding that OCGA § 5-6-35 (a) (6) does not "requir[e] an application for discretionary appeal when the 'zero' award is on the main claim and the award on the counterclaim is under $10,000, but allow[ ] direct appeal when the 'zero' award is on the counterclaim and the award on the main claim is under $10,000" because "[a] statute must be construed to avoid an absurd result," and holding that the "appellant/plaintiff was authorized to file a direct appeal as to the 'zero' award on the main claim"); *see also Motor Finance Co.*, 188 Ga. App. at 291 (citing *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986) and *Boatner v. Kandul*, 180 Ga. App. 234 (348 SE2d 753) (1986)).

[15] *Gardner*, 173 Ga. App. at 897.

[16] *See Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998).