# Court of Appeals
# of the State of Georgia

ATLANTA, February 08, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0852. MOHD CHOWDHURY v. ATLANTA'S DEPENDABLE TOWING, LLC et al.**

Mohd Chowdhury sued Atlanta's Dependable Towing, LLC, and Mohammed T. Rahman (the "appellees") for damages allegedly arising from breach of an oral contract and slander. In April 2017, the trial court granted the appellees' motions for summary judgment. Thereafter, the appellees filed a joint motion for attorney fees. On September 27, 2017, the trial court awarded the appellees $4,020.47 in attorney fees pursuant to OCGA §§ 9-15-14 (b) and 13-6-11. Chowdhury then filed this direct appeal.

The appellees have filed a motion to dismiss this direct appeal, arguing that Chowdhury was required to file an application for discretionary appeal under OCGA § 5-6-35 (a) (10) because he seeks to appeal an award of attorney fees under OCGA § 9-15-14, or under OCGA § 5-6-35 (a) (6) because the attorney fee award pursuant to OCGA § 13-6-11 constitutes damages and the award is less than $10,000. Although the appellees' first assertion lacks merit, we agree that this case must be dismissed because the order required a discretionary application under OCGA § 5-6-35 (a) (6).

It is clear that the attorney fee award in this case is not based solely on OCGA § 9-15-14. Thus, contrary to the appellees' argument, Chowdhury was not required under OCGA § 5-6-35 (a) (10) to file a discretionary application. See *Kraft v. Dalton*, 249 Ga. App. 754, 755 n. 2 (549 SE2d 543) (2001) (no discretionary application required to appeal fee award made under OCGA § 13-6-11); *Hallman v. Emory University*, 225 Ga. App. 247, 249- 250 (483 SE2d 362) (1997) (OCGA § 9-15-14

award is directly appealable where fees were also awarded pursuant to an additional basis which is not subject to discretionary review) (physical precedent only).

However, the $4,020.47 attorney fee award in this case constitutes damages, which are under $10,000, thus triggering the discretionary appeal requirements of OCGA § 5-6-35 (a) (6). See *MTW Inv. Co. v. Vanguard Properties Fin. Corp.*, 256 Ga. 318 (349 SE2d 749) (1986) (OCGA § 13-6-11 attorney fees constitute damages and awards under $10,000 require an application under OCGA § 5-6-35 (a) (6)); see also *Anderson v. Laureano*, 342 Ga. App. 888 (805 SE2d 636) (2017) (OCGA § 9-11-68 costs and attorney fees under $10,000 in an action for damages requires an application under OCGA § 5-6-35 (a) (6)). Chowdhury was required to comply with the discretionary appeal procedure, and his failure to do so deprives this Court of jurisdiction.

The appellees' motion to dismiss this appeal is hereby GRANTED, and the direct appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/08/2018*
*I certify that the above is a true extract from*
the minutes of the Court of Appeals of Georgia.
*Witness my signature and the seal of said court*
hereto affixed the day and year last above written.


, *Clerk.*