# Court of Appeals
# of the State of Georgia

ATLANTA,  May 11, 2020

*The Court of Appeals hereby passes the following order:*

## A20A0966.  MARK A. SAULNY v. CHADWICK J. FORTUNE.

Mark A. Saulny sued Chadwick J. Fortune for damages sustained in an automobile accident.  Fortune sent an offer of settlement to Saulny to resolve the case in the amount of $10,000.  Saulny did not accept the settlement offer, and the case proceeded to trial.  The jury returned a verdict for Saulny in an amount less than he requested, awarding him $4,788.98 for property damage and $2,628 for medical damages and/or pain and suffering and declining to award him attorney fees.  The trial court thereafter entered judgment on the jury verdict in the amount of $7,416.98. Saulny subsequently filed a motion for new trial, or, in the alternative, for judgment notwithstanding the verdict (j. n. o. v.), and Fortune filed a motion for attorney fees under the offer-of-settlement statute, OCGA § 9-11-68.  Thereafter, the trial court entered two orders: (1) an order denying Saulny's motion for new trial or j. n. o. v., and (2) an order granting Fortune's motion for attorney fees under OCGA § 9-11-68 in the amount of $8,500.  Saulny then filed a notice of appeal.  Saulny relied on OCGA § 5-6-34 (a) (1), which authorizes a direct appeal from a final judgment.

"This Court has a duty to inquire into its jurisdiction to entertain each appeal." *Hammonds v. Parks*, 319 Ga. App. 792, 793 (2) (735 SE2d 801) (2012). Saulny sought to predicate his direct appeal on the trial court's order denying his motion for new trial and its order granting OCGA § 9-11-68 attorney fees to Fortune. "[T]he denial of a motion for new trial is generally a final judgment directly appealable under OCGA § 5-6-34 (a) (1)[.]" *Anderson v. Laureano*, 342 Ga. App. 888, 888 (805 SE2d

1

636) (2017). However, that general rule does not apply where the underlying judgment for which a new trial is sought falls within OCGA § 5-6-35 (a) (6), which provides that a party must file an application for discretionary appeal "in all actions for damages in which the judgment is $10,000.00 or less." See *Khan v. Sanders*, 223 Ga. App. 576, 576 (478 SE2d 615) (1996) (holding, in case where the underlying judgment awarded the defendant $5,050 plus $833.25 interest, that a direct appeal was not authorized from the trial court's order denying the plaintiffs' motion for new trial, motion to set aside judgment, and motion to reopen default). It follows that because the underlying judgment entered on the jury verdict was in the amount of $7,416.98, a direct appeal was not authorized from the order denying Saulny's motion for new trial that was predicated on that judgment. See id.

Nor was a direct appeal authorized from the trial court's separate order granting attorney fees to Fortune under OCGA § 9-11-68. Because Fortune was awarded attorney fees in the amount of $8,500, the order granting fees fell within the ambit of OCGA § 5-6-35 (a) (6), thereby foreclosing a direct appeal predicated on that order. See *Anderson*, 342 Ga. App. at 888.

In his supplemental brief addressing this Court's jurisdiction, Saulny argues that the judgment entered on the jury verdict and order awarding attorney fees should be added together such that the final judgment in this case exceeded $10,000. But $7,416.98 was awarded to Saulny (based on the judgment entered on the jury verdict) and $8,500 was awarded to Fortune (based on the OCGA § 9-11-68 attorney fees order). Hence, the two awards offset one another such that *subtraction* would be more appropriate, even if we were to assume that the two awards should be analyzed together rather than separately under OCGA § 5-6-35 (a) (6). Compare *Bales v. Shelton*, 260 Ga. 335, 335 (391 SE2d 394) (1990) (set off arising from a *collateral source*, such as insurance payments received by the plaintiff, should not be subtracted from the judgment awarded to the plaintiff when calculating the amount of the judgment for purposes of OCGA § 5-6-35 (a) (6)). As the Supreme Court of Georgia has explained, "[a] judgment for the purposes of OCGA § 5-6-35 (a) (6) is the final

2

monetary result of the claim for damages," *Harpagon Co. v. Davis*, 283 Ga. 410, 411-412 (658 SE2d 633) (2008), and the final monetary result here, if the judgment entered on the jury verdict and the order awarding attorney fees are viewed collectively, is that Saulny must pay $1,083.02 to Fortune.

Because the judgment for damages did not exceed $10,000, Saulny was required to follow this Court's discretionary appeal procedure, see OCGA § 5-6-35 (a) (6), (b), and his failure to do so deprives this Court of jurisdiction. See *Pathfinder Payment Solutions v. Global Payments Direct*, 344 Ga. App. 490, 492 (810 SE2d 653) (2018). Saulny's appeal therefore is DISMISSED. See id.; *Anderson*, 342 Ga. App. at 888; *Khan*, 223 Ga. App. at 576.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__05/11/2020_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*