# Court of Appeals
# of the State of Georgia

ATLANTA, September 18, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1683. EHSAN RAZAVI v. VICKIE MARIE EMILY.

Vickie Marie Emily sued Ehsan Razavi and, following a bench trial, the trial court ruled in Emily's favor and awarded her $18,500 in attorney fees. Razavi appealed and, as relevant here, this Court vacated and remanded the attorney fees award with instructions to the trial court to provide the statutory basis for the attorney fees award, along with the findings necessary to support such an award. See *Razavi v. Emily*, 371 Ga. App. 878, 884-885 (5) (903 SE2d 153) (2024).

On remand, the trial court held a hearing and on February 19, 2025, awarded Emily $2000 under OCGA § 13-6-11 and $16,000 under OCGA § 9-15-14 (a) and (b). From that order, Razavi filed this direct appeal. Emily has filed a motion to dismiss, arguing, in pertinent part, that the order is subject to the discretionary appeal procedures. We agree.

An appeal from a trial court order awarding OCGA § 9-15-14 attorney fees must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10), (b); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). Nonetheless, no discretionary application is required to appeal an attorney fees award under OCGA § 13-6-11, if other jurisdictional requirements are met. See *Kraft v. Dalton*, 249 Ga. App. 754, 755 n. 2 (549 SE2d 543) (2001). But an award of OCGA § 13-6-11 attorney fees constitutes damages and under OCGA § 5-6-35 (a) (6), the discretionary appeal process is required for appeals in which the judgment is $10,000 or less. See *MTW Investment Co. v. Vanguard Properties Financial Corp.*, 256 Ga. 318 (349 SE2d 749) (1986) (appeal of OCGA § 13-6-11 fee award under threshold

amount of OCGA § 5-6-35 (a) (6) requires a discretionary application); see also *Anderson v. Laureano*, 342 Ga. App. 888 (805 SE2d 636) (2017) (OCGA § 9-11-68 award which is under $10,000 requires an application under OCGA § 5-6-35 (a) (6)).

This Court has held that there is no direct appeal from an award of attorney fees under OCGA § 9-15-14 unless it appears that such award was appealed as part of a judgment that is directly appealable. See *Stancil v. Gwinnett County*, 259 Ga. 507, 508 (384 SE2d 666) (1989); see also *Hallman v. Emory Univ.*, 225 Ga. App. 247, 248-249 (483 SE2d 362) (1997) (physical precedent only). Here, the trial court's $2000 award under OCGA § 13-6-11 was not directly appealable because it did not meet the jurisdictional limit imposed by OCGA § 5-6-35 (a) (6). See *Pathfinder Payment Solutions, Inc. v. Global Payments Direct, Inc.*, 344 Ga. App. 490, 491 (810 SE2d 653) (2018). Thus, there was no directly appealable judgment from which Razavi could also appeal the trial court's OCGA § 9-15-14 award and he was required to use the discretionary appeals procedure.

In his response to Emily's motion to dismiss, Razavi argues that he actually filed an application for discretionary appeal with his notice of appeal in superior court. However, a discretionary application must be filed with the clerk of the appropriate appellate court within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). Here, Razavi filed his application in superior court, rather than this Court. The requirements of OCGA § 5-6-35 are jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Consequently, Razavi's failure to follow the discretionary review procedure deprives us of jurisdiction over this appeal. See *Capricorn Systems*, 253 Ga. App. at 842.

For the reasons above, we hereby GRANT Emily's motion to dismiss and DISMISS this appeal.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,__09/18/2025_____*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*